J-E02001-16

2016 PA Super 300

| NANCY NICOLAOU AND NICHOLAS NICOLAOU | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JAMES J. MARTIN, M.D., AND LOUISE A. DILLONSYNDER, CRNP, JEFFREY D. GOULD, M.D., ST. LUKE'S HOSPITAL, ST LUKE'S HOSPITAL AND HEALTH NETWORK, ST LUKE'S HOSPITAL UNION STATION MEDICAL SURGICAL CLINIC D/B/A ST. LUKE'S SOUTHSIDE MEDICAL CENTER, ST. LUKE'S ORTHOPAEDIC SURGICAL GROUP, AND NAZARETH FAMILY PRACTICE | |
| Appellee | No. 1286 EDA 2014 |

Appeal from the Order Entered February 24, 2014
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2012-C-0518

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E.,
         BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON, J.,
         and OTT, J.

DISSENTING OPINION BY LAZARUS, J.:         **FILED DECEMBER 22, 2016**

I respectfully dissent.  In my view, the majority has improperly assumed the role of the fact-finder in determining whether the Nicolaous were reasonably diligent in determining that Appellees had caused Mrs. Nicolaou injury by failing to diagnose and treat her with Lyme disease between 2001 and 2008.

As the majority correctly states,

> [t]he discovery rule applies to toll the statute of limitations in any case in which a party is reasonably unaware of his or her injury at the time his or her cause of action accrued. . . . Only where the facts are so clear that reasonable minds could not differ may a court determine as a matter of law at the summary judgment stage, the point at which a party should have been reasonably aware of his or her injury and its cause and thereby fix the commencement date of the limitations period.

*Fine v. Checcio* 870 A.2d 850, 859. The foregoing requires a determination of whether "the plaintiff was able, through the exercise of reasonable diligence, to know that he or she had been injured and by what cause. . . . [This] is not an absolute standard." *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011).

Here, the trial court found that the negligence Mrs. Nicolaou complained of occurred between 2001 and 2008; the discovery rule applied for a period of time thereafter. The court did not make a precise ruling as to the length of time the discovery rule applied, but found that "a reasonable person would have had reason to suspect injuries might have been caused by medical treatment rendered by [Appellees] . . . on or about July 20, 2009[.]" Trial Court Opinion, 2/24/14, at 12. Regardless of the specific date the discovery rule ceased to apply, the court determined that the filing of the complaint on February 10, 2012, was untimely because "the evidence supports the conclusion that the commencement of the statute of limitations period began prior to February 10, 2010[.]" *Id.* at 9.

In coming to its conclusion that the statute of limitations period began to run prior to February 10, 2010, the trial court found that reasonable

minds could not differ that with reasonable diligence, the Nicolaous would have determined prior to that date that Mrs. Nicolaou had been injured by not being diagnosed and properly treated for Lyme disease. Accordingly, the crux of this appeal is whether the Nicolaous were not "reasonably diligent" as a matter of law. **Gleason**, **supra** at 486 (citing **Cochran v. GAF Corp.**, 666 A.2d 245, 248 (Pa. 1995)). In reviewing the court's decision, we must consider the facts in the light most favorable to the Nicolaous as the non-moving party. **Fine**, **supra** at 857.

Instantly, it is not disputed that Mrs. Nicolaou *suspected* she had Lyme disease in July 2009, when she began treatment with Nurse Practitioner Rita Rhoads. Nurse Rhoads acknowledged that Mrs. Nicolaou turned down a fifth Lyme disease test at the beginning of treatment, at least in part because she was not in a position to pay for the test. **See** Deposition of Rita Rhoads, 11/1/13, at 29 (Mrs. Nicolaou "did not have the money for [the test] at that point" and she "just didn't have the money for anything.") In my opinion, hardship regarding paying for a fifth test when first suggested, along with four previous negative tests and Mrs. Nicolaou's stated intention to determine whether the antibiotics Nurse Rhoads had prescribed would work, combine to create a jury question as to whether the Nicolaous were reasonably diligent in determining the suspected injury *actually* had been suffered.

I emphasize that although "reasonable diligence is an objective test, [i]t is sufficiently flexible . . . to take into account the difference[s] between

persons and their capacity to meet certain situations and the circumstances confronting them at the time in question." *Id.* at 870 (citation and quotation marks omitted). Accordingly, viewing the foregoing facts in the light most favorable to the Nicolaous, I would reverse and remand the matter to the trial court to permit the fact-finder to determine whether the statute of limitations should have remained tolled until February 13, 2010, the date Mrs. Nicolaou received positive Lyme disease results, thereby making the Nicolaous' complaint timely.

President Judge Gantman and Judge Bowes join in this Dissenting Opinion.